UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KIMBERLEY BEAR, )<br>    *Plaintiff*, )<br>)<br>  v. )<br>)<br>EXPERIAN INFORMATION SOLUTIONS, INC., )<br>JPMORGAN CHASE BANK, N.A., )<br>and CITIBANK OF NORTH AMERICA, INC. d/b/a )<br>SEARS/CBNA )<br>    *Defendants*. ) | Cause No.   1:16-cv-2118 |

## COMPLAINT WITH JURY TRIAL DEMAND

### PRELIMINARY STATEMENT

1.  This action is based on Defendants' false reporting on Plaintiff's credit reports and failures to follow reasonable procedures and failures to conduct reasonable reinvestigations with respect to such information.

2.  The United States Congress has found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C.A. § 1681 (West) *et seq*. ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on

consumers.  The FCRA also imposes duties on the sources (called "furnishers") that provide credit information to credit reporting agencies.

## PARTIES

3. Plaintiff, Kimberley Bear (hereinafter "Bear"), is a natural person who resides in Morgan County, Indiana.

4. Bear is an individual and is therefore a "consumer" as that term is defined by 15 U.S.C.A. § 1681a(c) (West).

5. Defendant, Experian Information Solutions, Inc. (hereinafter "Experian") is a credit bureau that conducts business in Indiana.

6. Experian regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties, and use interstate commerce to prepare and/or furnish the reports, and accordingly, is considered a "consumer reporting agency" as that term is defined by 15 U.S.C.A. § 1681a(f).

7. JPMorgan Chase Bank, N.A. (hereinafter "Chase")  regularly and in the ordinary course of business furnishes information to one or more consumer reporting agency about Bear's transactions and is therefore a "furnisher" as that term is used in 15 U.S.C.A. § 1681s-2 (West).

8. Citibank of North America, Inc. a/k/a Sears/CBNA  (hereinafter "Citi")  regularly and in the ordinary course of business furnishes information to one or more consumer reporting agency about Bear's transactions and is therefore a "furnisher" as that term is used in 15 U.S.C.A. § 1681s-2 (West).

## JURISDICTION AND VENUE

9. Because this case arises under the Fair Credit Reporting Act, 15 U.S.C.A. § 1681 *et seq.*, jurisdiction of this Court arises under 28 U.S.C.A. § 1331 (West).

10. Venue is proper in this Court because a substantial part of the claim arose in Indiana, Bear resides in Indiana and all Defendants "reside" in Indiana, as that term is used in 28 U.S.C.A. § 1391 (West).

## FACTUAL ALLEGATIONS

11. On or about December 16, 2009, Bear filed a Chapter 13 Bankruptcy proceeding in the Southern District of Indiana, under case number 09-18133-FJO-13.

12. Chase was listed on the Schedule F, showing an unsecured claim in the amount of $2,386.67, on account number 426690202830… A copy of the Schedule F is attached as "Exhibit A."

13. Citi (and Sears individually) were also listed on the Schedule F, showing a claim in the amount of $3,927.92, on account number 512107182638… See, "Exhibit A."

14. On February 18, 2010, Chase filed a Proof of Claim in the amount of $2,346.98. A copy of the Proof of Claim is attached as "Exhibit B."

15. Citi (or Sears) did not file a Proof of Claim.

16. Bear made all payments owed in her Chapter 13 bankruptcy and as a result, she received a discharge of her debts by Order of that Court, dated November 11, 2015. A copy of the Discharge is attached as "Exhibit C."

17. Among the debts discharged were the debts owing to Chase and Citi.

<u>INACCURATE INFORMATION REPORTED BY EXPERIAN</u>

18. On or about October 27, 2015, Bear obtained a copy of her credit report as published by Experian.

19. That report contained erroneous information as provided by Chase and published and reported by Experian. Specifically, the Experian credit report indicated that the debt owed to

Chase, with a partial account number of 426690202830…, had been written off, failed to notify potential creditors the debt had been discharged via her bankruptcy case, and reflected misleading activity after the date of her bankruptcy filing (Mar. 9, 2009 instead of Dec. 16, 2009), and including the wrong date of said filing.

20. Because Bear's debt owed to Chase, with a partial account number of 426690202830…, was discharged in a (single) bankruptcy, the information described above was inaccurate and misleading.

21. That report also contained erroneous information as provided by Citi and published and reported by Experian. Specifically, the Experian credit report indicated that the debt owed to Citi, with a partial account number of 512107182638…, was charged off, reflected a balance, included the wrong date of her bankruptcy filing (Aug. 25, 2008 instead of Dec. 16, 2009), and reflected misleading activity after the date of her bankruptcy filing.

22. Because Bear's debt owed to Citi, with a partial account number of 512107182638…, was discharged in a (single) bankruptcy, the information described above was inaccurate and misleading.

23. In a letter dated December 22, 2015, Bear disputed the inaccurate and misleading information to Experian and advised Experian of the specific facts that rendered the reporting inaccurate and misleading. A copy of the dispute letter is attached as "Exhibit D."

24. Upon information and belief, Experian timely notified Chase and Citi of Bear's dispute in accordance with 15 U.S.C.A. § 1681i.

25. In a document dated February 4, 2016, Experian advised Bear that it had researched Bear's dispute and that debt owed to Chase, with a partial account number of 426690202830…, was updated. Experian provided a copy of the tradeline as reported that reproduced at least some of the

errors identified by Bear in her original dispute letter. A copy of the relevant portion of the reinvestigation report is attached as "Exhibit E."

26. The reinvestigation report provided by Experian advised Bear that it had researched Bear's dispute and that debt owed to Citi, with a partial account number of 512107182638…, was updated. Experian provided a copy of the tradeline as reported that reproduced at least some of the errors identified by Bear in her original dispute letter. A copy of the relevant portion of the reinvestigation report is attached as "Exhibit H."

27. Experian was required to communicate the specifics of Bear's dispute to Chase and Citi. Likewise, Chase and Citi each had a duty to investigate the dispute and accurately report their findings to Experian.

28. Experian had an affirmative duty to reasonably reinvestigate the dispute submitted by Bear and to accurately report the tradeline information notwithstanding the information it received from Chase and Citi.

INACCURATE INFORMATION AS IT PERTAINS TO ALL DEFENDANTS

29. Experian is responsible for following reasonable procedures to assure maximum possible accuracy whenever they prepare consumer reports from information in their shared databases.

30. Experian breached their duty as described above.

31. Due to Experian's failure to conduct reasonable reinvestigations of Bear's dispute, the indication on Bear's credit reports that Bear's debt owed to Chase, under partial account number of 426690202830…, does not include any indication the debt was discharged in bankruptcy and still reflects the wrong bankruptcy filing date. This gives the impression to creditors and potential future creditors more than one bankruptcy was filed.

32. Due to Experian's failure to conduct a reasonable reinvestigation of Bear's dispute, it failed entirely to correct or modify the errors associated with Citi.

33. Due to Experian's failure to conduct reasonable reinvestigations of Bear's dispute, the indication on Bear's credit reports that Bear's debt owed to Citi, under partial account number of 512107182638…, still reflects an incorrect bankruptcy filing date and for unknown reasons shows absolutely no payment history despite the account being opened in August of 1995.

34. By inaccurately reporting debt information after receiving notice of its errors, Chase and Citi failed to take appropriate measures as set forth in 15 U.S.C.A. § 1681s-(2)(b)(1)(D) and 1681s-(2)(b)(1)(E).

35. As a result of Defendants' willful actions and omissions, Bear is eligible for actual damages, statutory damages, punitive damages and reasonable attorney's fees.

## TRIAL BY JURY

36. Bear is entitled to and hereby requests a trial by jury.

## CAUSES OF ACTION

**COUNT I: VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
[15 U.S.C.A. § 1681e(b) and 1681i (West)]

37. Bear incorporates by reference all preceding paragraphs as though fully stated herein.

38. Experian willfully and/or negligently violated 15 U.S.C.A. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of Bear's consumer reports.

39. Experian willfully and/or negligently violated 15 U.S.C.A. § 1681i in multiple ways including without limitation by failing to conduct a reasonable reinvestigation of Bear's dispute and by failing to appropriately delete or modify inaccurate information in Bear's file.

40. As a result of Experian's violations of 15 U.S.C.A. § 1681e(b), Bear has suffered actual damages and is therefore entitled to recover actual damages pursuant to 15 U.S.C.A. § 1681n and 1681o (West).

41. Experian's actions and omissions were willful, rendering them liable for punitive damages and/or statutory damages pursuant to 15 U.S.C.A. § 1681n.

42. Bear is entitled to recover costs and attorney's fees from Experian pursuant to 15 U.S.C.A. § 1681n and 1681o.

**COUNT II: VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
[15 U.S.C.A. § 1681s-2(b)]

43. Bear incorporates by reference all preceding paragraphs as though fully stated herein.

44. Chase willfully and/or negligently violated 15 U.S.C.A. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Bear's dispute from one or more consumer reporting agencies, and/or by failing to review all relevant information provided by the consumer reporting agencies, and/or by failing to appropriately report the results of its investigations, and/or by failing to appropriately modify, delete, and/or block the inaccurate information.

45. As a result of Chase's violations of 15 U.S.C.A. § 1681s-2(b), Bear has suffered actual damages and is therefore entitled to recover actual damages under 15 U.S.C.A. § 1681n and 1681o.

46. Chase's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C.A. § 1681n.

47. Bear is entitled to recover costs and attorney's fees from Chase pursuant to 15 U.S.C.A. § 1681n and 1681o.

### COUNT III:   VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### [15 U.S.C.A. § 1681s-2(b)]

48. Bear incorporates by reference all preceding paragraphs as though fully stated herein.

49. Citi willfully and/or negligently violated 15 U.S.C.A. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Bear's dispute from one or more consumer reporting agencies, and/or by failing to review all relevant information provided by the consumer reporting agencies, and/or by failing to appropriately report the results of its investigations, and/or by failing to appropriately modify, delete, and/or block the inaccurate information.

50. As a result of Citi's violations of 15 U.S.C.A. § 1681s-2(b), Bear has suffered actual damages and is therefore entitled to recover actual damages under 15 U.S.C.A. § 1681n and 1681o.

51. Citi's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C.A. § 1681n.

52. Bear is entitled to recover costs and attorney's fees from Citi pursuant to 15 U.S.C.A. § 1681n and 1681o.

**WHEREFORE**, Citi respectfully requests the following relief:

a. Actual damages;

b. Statutory damages;

c. Punitive damages pursuant to 15 U.S.C.A. § 1681n;

d. Reasonable attorney's fees and costs pursuant to 15 U.S.C.A. § 1681n and/or 1681o;

e. That an Order be issued for the Defendants to modify the inaccurate information being reported; and

f. Such other and further relief as may be just and proper.

Respectfully submitted,

Barker Hancock Cohron, LLP.

/s/ Travis W. Cohron
Andrew M. Barker, No. 14418-49
Travis W. Cohron, No. 29562-30
*Counsel for the Plaintiff*

Barker Hancock Cohron, LLP
198 S. 9th St.
Noblesville, IN 46060
Telephone: (317) 773-2090
Fax: (317) 776-5051
abarker@bhclegal.com
tcohron@bhclegal.com